UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIAM D. CARROLL, JR. AND CIVIL ACTION NO: 12-0637
CAROLYN K. CARROLL

VERSUS JUDGE DONALD E. WALTER

J.P. MORGAN CHASE BANK

## MEMORANDUM ORDER

Before the court is a Motion for Summary Judgment [Doc. #5] filed by the Defendant, J.P. Morgan Chase Bank ("Chase"). Plaintiffs, William D. Carroll, Jr. and Carolyn K. Carroll ("the Carrolls") object to the motion. [Doc. #11]. For the reasons assigned herein, Defendant's motion is hereby **GRANTED**. Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.[1]

**A. Outstanding Procedural Issues**

The court must first address three procedural motions before it can address the merits of Defendant's Motion for Summary Judgment. First, Plaintiffs filed a "Motion for Default Summary Judgment" alleging that Chase failed to file an answer to their complaint within twenty-one days of service. [Doc. #3]. Plaintiffs' motion [Doc. #3] is hereby **DENIED**. A prerequisite to obtaining a default judgment is establishing that a party failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55. A party is not required to file an answer or offer a defense until they have been properly served. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). The Carrolls failed to personally serve a copy of their complaint as required under Fed. R. Civ. P. 4(e)(1) and La. C.C.P. art 1261(A). Moreover, the Carrolls did not adhere to Fed. R. Civ. P. 4(h)(1)(B) by serving

---

[1] Alternatively, the court could have dismissed Plaintiffs' complaint sua sponte for failure to state a claim upon which relief may be granted. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).

Chase's designated agent for service of process. The Carrolls mailed a copy of their complaint via certified mail to the law firm of Taylor, Porter, Brooks & Phillips LLP. The law firm is not an authorized agent for Chase, nor was it enrolled as counsel of record in this matter when the complaint was mailed. Second, Plaintiffs have also filed a "Reurged Motion for Default Summary Judgment". [Doc. #15]. For the same reasons, Plaintiffs' motion [Doc. #15] is hereby **DENIED**.

Third, Plaintiffs filed a Motion to Strike Defendant's Motion for Summary Judgment [Doc. #10]. The Plaintiffs argue that Chase's Motion for Summary Judgment should be stricken from the record because Chase initially mailed a copy of the motion to an incorrect address. Assuming that this is true such a deficiency is insufficient to strike Defendant's motion from the record. Striking the motion for summary judgment would also strike Chase's general appearance in the proceedings, which would ultimately only serve to delay the judicial proceedings by forcing the Plaintiffs to properly effectuate service upon Chase. Accordingly, Plaintiffs' motion [Doc. #10] is hereby **DENIED**.

**B.     Chase's Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The undisputed facts are as follows. The Plaintiffs' complaint filed on October 9, 2012,

2

alleges breach of contract by Chase in relation to a borrowing agreement affecting their property issued in October 2000. On May 21, 2008, Plaintiffs filed a voluntary Chapter 13 petitioner for bankruptcy relief. [Doc. #6-1]. On August 5, 2008, the case was converted to a Chapter 11 bankruptcy. [Doc. #6-2]. On August 27, 2008, the case was converted again to a Chapter 7 bankruptcy. [Doc. #6-3]. The Chapter 7 bankruptcy trustee is Samera L. Abide. [Doc. #6-4].

When a bankruptcy is filed pursuant to sections 301, 302, or 303 of the bankruptcy code, an estate is created. This estate includes all property, wherever located and by whomever held, and all legal or equitable interests of the debtor property. 11 U.S.C. § 541(a)(1). This includes any cause of action existing at the commencement of the bankruptcy action. *Burkett v. Shell Oil Company*, 448 F.2d 59 (5th Cir. 1971). Thus, the trustee as representative of the estate has the capacity to sue and be sued. 11 U.S.C. § 323(a). The Fifth Circuit Court of Appeals has held that a trustee of a bankruptcy estate is the real party in interest and the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petitioner has been filed. *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008). Stated another way, "once an asset because part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned by the trustee to the debtor pursuant to 11 U.S.C. § 554." *Id.*

Federal Rule of Civil Procedure 17(a) requires that a suit be brought by the "real party in interest." The trustee is the "real party in interest" for all of the Carrolls' claims accruing prior their bankruptcy petition. It is clear from the face of the complaint that the claims presented by the Carrolls stem from the October 2000 borrowing agreement, and therefore accrued before the filing of their initial bankruptcy petition. Thus, the alleged claims are part of the bankruptcy estate and may only be brought by the trustee, the "real party in interest." Because the undisputed facts

3

establish that the Carrolls are no longer the "real party in interest" for the prosecution of the alleged claims this court must grant Defendant's motion for summary judgment and dismiss the lawsuit.

## CONCLUSION

For the reasons assigned, Defendant's Motion for Summary Judgment [Doc. #5] is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. Plaintiffs' related motions [Docs. # 3, 10 and 15] are **DENIED**. The clerk is instructed to close this matter.

**THUS DONE AND SIGNED**, this 24 day of September, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE